**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email: Bryan.Dake@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**VIOLET C. CRNICH,**<br><br>Defendant. | **CR 18-16-BLG-SPW**<br><br><br>**OFFER OF PROOF** |

**THE CHARGE**

The defendant, Violet Crnich, is charged in the Indictment with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count II). A forfeiture allegation pursuant to

21 U.S.C. § 853(a)(1), (2) and 881(a)(11) and 924(d) are also in the indictment.

**PLEA AGREEMENT**

The defendant, Violet Crnich, will enter a voluntary plea of guilty to Count II of the Indictment, possession with intent to distribute methamphetamine, pursuant to a plea agreement. The United States will move to dismiss Count I of the Indictment at sentencing, if the Court accepts the plea agreement. The plea agreement filed with the Court represents the most favorable offer extended to the defendant. *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

**ELEMENTS**

In order for the defendant to be found guilty of possession with intent to distribute methamphetamine, as charged in Count II of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine;

Second, the defendant possessed it with the intent to distribute it to another person.

Third, the defendant possessed with the intent to distribute 50 or more grams of actual methamphetamine.

**Forfeiture Allegation:**

In reference to the Forfeiture Allegation stated in the Indictment, the government must prove the following by a preponderance of the evidence:

The property including, $1,359 in United States Currency, JC Higgins .22 caliber revolver, Model 88, S/N 1168285, and 100 rounds of .22 ammunition, was property constituting and derived from any proceeds obtained, directly or indirectly, as a result of the offense in Count II, or was used and intended to be used in any manner and part, to commit, and facilitate the commission of Count II described above.

**PENALTY**

Count II of the Indictment carries a mandatory minimum five to forty years imprisonment, at least four years of supervised release, a $5,000,000 fine and a $100 special assessment.

**ANTICIPATED EVIDENCE**

If this case were tried in United States District Court, the United States would prove the following:

On May 24, 2017, State Probation and Parole conducted a home visit on an individual regarding drug trafficking. Violet Crnich was a resident in this home and was also known by law enforcement to be involved in drug distribution in the area.

Upon entering the residence, law enforcement discovered drug paraphernalia, digital scales, hypodermic needles, plastic baggies containing a white substance (later determined to be 50 grams of methamphetamine that was

99% pure), a .22 caliber revolver, 100 rounds of ammunition, a "jar" of marijuana, and cash, in a room occupied by Crnich.

Crnich was located in one of the bedrooms of the home and when interviewed, admitted to receiving and using methamphetamine daily. She further admitted to selling narcotics to further their own drug use. A ledger was located in her bedroom that contained her name. This ledger contained names and amounts of money particular individuals owed for drug supplies.

The government would have presented this evidence through the testimony of law enforcement, lay witnesses, and expert witnesses.

DATED this 18th day of September, 2018.

                                      KURT G. ALME
                                      United States Attorney

                                      */s/ Bryan T. Dake*
                                      BRYAN T. DAKE
                                      Assistant U.S. Attorney